Judge Joy Cossich Lobrano
h Relator, the State ■ of Louisiana (“State”) seeks expedited review of the district court’s April 12, 2017 judgment granting defendant, .Rubin Robertson’s (“Defendant”) motion to suppress statements. and evidence. Finding ■ that the *1127 district court abused its discretion by granting Defendant’s motion to suppress statements and evidence, we grant expedited consideration, grant the writ, and reverse the judgment.
Defendant is an Orleans Parish Sheriffs Office (“OPSO”) deputy. A fellow deputy, Deputy Lance Wade (“Deputy Wade”) received information that Defendant may be bringing contraband into the Orleans Parish Prison (“OPP”). After monitoring inmate telephone calls, which laid out a contraband delivery scheme, on May 6, 2015, Deputy Wade began surveillaiice on Defendant.
On that same day, Deputy Wade and another deputy observed Defendant arrive at OPP and park his vehicle. At that time, Deputy Wade and the other Deputy escorted Defendant into their office for the purpose of discussing them suspicions. Defendant soon admitted to bringing contraband into OPP.
|2Upon his admission, deputies immediately stopped the discussion and read Defendant his Miranda rights. He voluntarily signed a “waiver of rights” form and a “consent to search” form for his vehicle. Boxes were cheeked on the “waiver of rights” form indicating that Defendant understood his Miranda rights and wished to cooperate.
Defendant then‘told the deputies that on at least five occasions between April 1, 2015 and May 6, 2015, he was compensated in the amount of $500 for bringing tobacco and marijuana into OPP. - Defendant was contacted by-an individual who would tell him where and when to meet. At the meeting, the individual would give Defendant the contraband and money. Defendant would then re-package the contraband for introduction into the jail. Finally, another individual in the prison would contact Defendant to arrange for the delivery.
Defendant also said that contraband and the material that he used to re-package the contraband could be found in his vehicle that was parked outside, and a search of Defendant’s vehicle produced those items’. The evidence recovered from inside a bag in the vehicle included: green vegetable matter consistent with marijuana, four oblong pills, sandwich bags, saran wrap, a device for suctioning the contraband, rolling paper, and packs of cigarettes. .
 A district court’s ruling on a motion to suppress a statement is entitled to great weight and will not be disturbed unless clearly unsupported by the evidence. State v. Vigne, 2001-2940, p. 6 (La. 6/21/02), 820 So.2d 533, 537. A defendant’s “statement' during a custodial interrogation is inadmissible at trial unless the Isprosecution can establish that the accused ‘in fact knowingly and voluntarily waived Miranda rights’ when making the statement.” Berghuis v. Thompkins, 560 U.S. 370, 382, 130 S.Ct. 2250, 2260, 176 L.Ed.2d 1098 (2010) (internal quotations omitted). However, in the case s%ú> judice, we find Defendant wás not in custody when he was initially questioned.
The obligation to provide Miranda warnings attaches only when a person is questioned by law enforcement after he has been, taken “into custody or otherwise deprived of his freedom of action in any'significant way.” Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Custody is decided by two distinct inquiries: an objective assessment of the circumstances surrounding the interrogation to determine whether there is a formal arrest or restraint on freedom of the degree -associated with formal arrest; and an .evaluation of how a reasonable person iii the position of the interviewee would “gauge the breadth of his freedom of action.” Stansbury v. California, 511 U.S. 318, 114 S.Ct. 1526, 1528-30, 128 L.Ed.2d 293 (1994) (citations omitted). *1128 These inquiries look at the totality of the circumstances surrounding the investigation, “including any circumstance that ‘would have affected how a reasonable person’ in the suspect’s position ‘would perceive his or her freedom to leave,’” but ignoring the “subjective views harbored by either the interrogating officers or the person being questioned.” J.D.B. v. North Carolina, 564 U.S. 261, 270-71, 131 S.Ct. 2394, 2402, 180 L.Ed.2d 310 (2011) (citations omitted).
I ¿Although Defendant was escorted to the interview, he was not placed in handcuffs and was free to leave at any time. He agreed to the interview voluntarily and the record does not indicate that any law enforcement coercion was employed.
Because Defendant was not in custody at the time of his initial interrogation, we find that the Defendant’s statements are admissible. Further, as Defendant was not interrogated in violation of Miranda, the evidence discovered in his vehicle is' not the “fruit” of an illegally obtained confession. See State v. Stewart, 2013-0779, pp. 10-11 (La.App. 4 Cir. 1/22/14), 133 So.3d 166, 172. Accordingly, we reverse the district court’s grant of Defendant’s motion to suppress statements and evidence.
EXPEDITED CONSIDERATION GRANTED; WRIT GRANTED; REVERSED